IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DANIEL ZAVOLTA SR., IRENE ZAVOLTA
and DANIEL ZAVOLTA, JR.,

      Plaintiffs,

v.                              Civil Action No. 5:11CV55
                                        (STAMP)
CHAD HENDERSON and COX ENTERPRISES, INC.
d/b/a WTOV, Inc. a/k/a WTOV-TV a/k/a WTOV9,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**CONVERTING THE DEFENDANTS' MOTION TO DISMISS**
**INTO A MOTION FOR SUMMARY JUDGMENT AND**
**DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**


I.   Background

The plaintiffs, Daniel Zavolta, Sr., Irene Zavolta, and Daniel Zavolta, Jr., filed a complaint against Chad Henderson and Cox Enterprises, Inc. d/b/a WTOV, Inc. a/k/a WTOV-TV a/k/a WTOV9 ("Cox Enterprises") in the Circuit Court of Ohio County, West Virginia. The defendants then removed this civil action to this Court.

The plaintiffs allege injuries from an automobile collision in which the plaintiffs' automobile was allegedly struck from behind by a vehicle allegedly owned by Cox Enterprises and driven by Henderson. The defendants filed a motion to dismiss all claims of plaintiff Irene Zavolta, arguing that Irene Zavolta was not a passenger in the automobile driven by Daniel Zavolta, Sr. The plaintiffs responded, attaching affidavits. The defendants then filed a reply. For the reasons stated below, this Court converts

the defendants' motion to dismiss into a motion for summary judgment and denies the defendants' motion for summary judgment.

## II.  Applicable Law

In examining a motion to dismiss, "the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice."  Pennington v. Teufel, 396 F. Supp. 2d 715, 719 (N.D. W. Va. 2005).  A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(d).  The parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Id. The conversion is "governed by principles of substance rather than form.  The essential inquiry is whether the [opposing party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings."  In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985).

Under Rule 56(c) of the Federal Rules of Civil Procedure,

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations . . . admissions, interrogatory answers, or
other materials; or
 (B) showing that the materials cited do not
establish the absence or presence of a genuine dispute,
or that an adverse party cannot produce admissible
evidence to support the fact.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears

the initial burden of showing the absence of any genuine issues of

material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986).  "The burden then shifts to the nonmoving party to come

forward with facts sufficient to create a triable issue of fact."

Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.

1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the

United States Supreme Court noted in Anderson, "Rule 56(e) itself

provides that a party opposing a properly supported motion for

summary judgment may not rest upon the mere allegations or denials

of his pleading, but . . . must set forth specific facts showing

that there is a genuine issue for trial."  Id. at 256.  "The

inquiry performed is the threshold inquiry of determining whether

there is the need for a trial -- whether, in other words, there are

any genuine factual issues that properly can be resolved only by a

finder of fact because they may reasonably be resolved in favor of

either party."  Id. at 250; see also Charbonnages de France v.

Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should

be granted only in those cases where it is perfectly clear that no

issue of fact is involved and inquiry into the facts is not

desirable to clarify the application of the law." (citing <u>Stevens</u>
<u>v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule
56(c) mandates the entry of summary judgment, after adequate time
for discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary
judgment is not appropriate until after the non-moving party has
had sufficient opportunity for discovery. See <u>Oksanen v. Page</u>
<u>Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502
U.S. 1074 (1992). In reviewing the supported underlying facts, all
inferences must be viewed in the light most favorable to the party
opposing the motion. See <u>Matsushita Elec. Indus. Co. v. Zenith</u>
<u>Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III. <u>Discussion</u>

In their motion to dismiss, the defendants contend that
plaintiff Irene Zavolta was not in the car at the time of the car
collision. The defendants attach the police report of the incident
to their motion to dismiss. In their response, the plaintiffs each
attach an affidavit stating that Irene Zavolta was in the car at
the time of the collision.

This Court may consider the police report, a public document,
without converting the motion to dismiss to a motion for summary

4

judgment.  Pennington, 396 F. Supp. 2d at 719; Carter v. Baltimore County, Md., 39 F. App'x 930, 933 (4th Cir. 2002).  Affidavits are documents outside the pleadings and this Court must convert the motion to dismiss to a motion for summary judgment if it is to consider the plaintiffs' affidavits.  Fed. R. Civ. P. 12(d).  As mentioned above, "a district court must ordinarily give notice to the parties before converting a motion to dismiss into a motion for summary judgment," however, "a plaintiff invites the court to convert such a motion when she invites the district court to look at information, such as an affidavit, outside the pleadings." Galin v. Internal Revenue Serv., 563 F. Supp. 2d 332, 337 (D. Conn. 2008).

In this case, this Court will consider the plaintiffs' affidavits and convert the motion to dismiss into a motion for summary judgment.  While the police report does not include plaintiff Irene Zavolta as a passenger in the vehicle at the time of the collision, each of the three plaintiffs filed an affidavit stating that she was in the car at the time of the collision.  This Court finds there is a genuine issue of material fact as to whether Irene Zavolta was in the car at the time of the collision. Accordingly, summary judgment is inappropriate at this time and the defendants' motion for summary judgment must be DENIED.

## IV.   Conclusion

For the reasons stated above, this Court CONVERTS the defendants' motion to dismiss (Document No. 6) into a motion for summary judgment and DENIES the defendants' motion for summary judgment.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 10, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE